## STATE v. JACK LEE KIRKWOOD.

249 N. W. 2d 890.

January 14, 1977—No. 46257.

C. Paul Jones, State Public Defender, and Rosalie E. Wahl, Special Assistant Public Defender, for appellant.

Warren Spannaus, Attorney General, William B. Randall,

County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Jack Lee Kirkwood was found guilty by a district court jury of a charge of aggravated robbery and was sentenced to a term of 3 to 20 years in prison. Minn. St. 609.11 and 609.245. On appeal, Kirkwood contends (1) that the admission of eyewitness identification testimony violated his right to due process; (2) that the trial court erred in refusing to permit him to examine statements or reports of statements by the eyewitnesses; and (3) that there was as a matter of law insufficient evidence of guilt. We affirm.

This case arose from the robbery of a parking lot attendant in downtown St. Paul. The attendant noticed Kirkwood in a restaurant the day after the robbery and contacted police who arrested him. The attendant positively identified Kirkwood at trial, as did two girls who witnessed the crime.

The first issue relates to the admission of the testimony of these girls. They first identified Kirkwood at a four-person lineup in which he was the only one with blond hair and the only one wearing jail clothes. Although this lineup was somewhat suggestive, an examination of the entire record forces us to conclude that there is no substantial likelihood that defendant was irreparably misidentified. See, Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. ed. 2d 401 (1972). Further, we note that the attendant whose identification of Kirkwood in a restaurant which led to his arrest did not view the lineup. The attendant positively identified Kirkwood at trial.

The second issue relates to the trial court's refusal to order the prosecution to permit defense counsel to examine statements or reports of statements by the eyewitnesses in the state's file. Under the rule adopted in State v. Grunau, 273 Minn. 315, 151 N. W. 2d 815 (1966), and State v. Thompson, 273 Minn. 1, 139

N. W. 2d 490 (1966),[1] defendant's counsel could have used these statements in cross-examining the eyewitnesses when they testified. However, he did not request the statements until after the state had rested and his request was limited to seeing anything which was favorable to his case. The trial court made an in-camera inspection of the statements and determined that they contained nothing which was favorable to defendant or inconsistent with anything the witnesses had said while testifying. Kirkwood has not demonstrated that the trial court erred in this conclusion.

Kirkwood's contention that there was insufficient evidence of guilt as a matter of law has no merit.

Affirmed.

---

[1] The matter is now covered by Rule 9.01, subd. 1(1)(a), Rules of Criminal Procedure, which provides as follows: "The prosecuting attorney shall disclose to defense counsel the names and addresses of the persons whom he intends to call as witnesses at the trial together with their prior record of convictions, if any, within his actual knowledge. He shall permit defense counsel to inspect and reproduce such witnesses' relevant written or recorded statements and any written summaries within his knowledge of the substance of relevant oral statements made by such witnesses to prosecution agents."